SAMUEL S. CASE v. ANDREW C. SEASS AND FREDERICK C. GLOCKE.

*Discharge of joint debtor by acceptance of individual obligation.*

Merchandise was ordered by the firm of S. & G. and was sent with drafts for acceptance by the purchasers. Meanwhile the firm dissolved and G., who continued in business, stated the fact and asked for new drafts. The vendor replied that he wanted the acceptances of both and asked an immediate return of the drafts, as he needed them. G. sent his own acceptance instead, and falsely stated that S. had gone east, but that if the drafts were not satisfactory he would obtain an indorser. The vendor replied that he needed the paper at once and retained it. S. knew of this correspondence and kept control of the merchandise until it was closed. *Held,* that as the paper of the only debtor supposed to be within reach was forced upon the vendor and no offer was made to return the merchandise and there was no apparent means of enforcing any such acceptance as the contract called for, there was no implication from the correspondence of a discharge of the other debtor, and that if there was, it was made nugatory by the fraud of the purchasers.

Error to Marquette. Submitted June 17. Decided June 23.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Dan. H. Ball* for plaintiff in error.

*E. J. Mapes* for defendants in error.

CAMPBELL, J.   Case sued defendants for the price of some tobacco ordered by them as partners and sent to them and received at Negaunee.   The defense is that he accepted the individual paper of Glocke and discharged Seass thereby, and under the charge of the court this defense prevailed.

The facts, on which there is no serious dispute, show the ordering and forwarding of the goods, which were shipped at Chicago, March 5, 1875, and arrived in due course.   The terms of the sale as agreed upon were that the defendants should give two acceptances at 60 and 90 days.   Case sent drafts for acceptance in his letter of advice.

It is claimed, and for the purposes of this case is assumed, that on the 8th or 9th of March Seass & Glocke dissolved partnership, Glocke taking the property and assuming the debts.   Seass also testified that this tobacco came the next day, and that he held on himself to the tobacco until after all the correspondence between Glocke and Case was closed, and that he saw it all as it was sent or received by Glocke.   This correspondence was as follows :

On March 10, Glocke wrote that he had received the stock and Case's letter ; that he had bought out Seass, and continued the business, and asked Case to send new drafts.

On the 15th Case replied that he ought to have the acceptances of Seass & Glocke, as he sold to them, and that he did not know Glocke's ability, and was unwilling to change the basis of the agreement, giving some reasons from past experience, and asking an immediate return as he needed them. On the 19th Glocke instead of sending firm or joint acceptances, sent on his own, and in his letter said Seass had only $500 in the business, being one-fourth ; that he could have got the use of his name, but supposed it was not needed, and that Seass had gone east and would not return till the next fall.   He then proposed if the drafts were not satisfactory that Case should return them and he would get his father to indorse them, who was a farmer in Weyauwega, Wisconsin,

and referred to Arentzberg & Schintz, German bankers in Oshkosh.

On receiving this letter Case at once replied, stating that as the account was a firm liability the firm acceptance should have been sent and would have saved trouble at the bank; that he needed the use of the paper at once and had no time to send it over the road, and closed by saying if Glocke wanted more credit an indorser might be desirable, but so far it had not been thought of and might not be asked in future business, unless on extra occasion.

The only question in the case is whether this with the other evidence tended to show an implied agreement to accept Glocke as the only debtor. The paper went to protest and never was paid.

Seass's testimony shows that Glocke's letters were untrue and that he knew it and would not let Glocke have the tobacco until the last letter in reply to Glocke came to hand.

These letters, instead of implying a willingness to accept Glocke as sole debtor, show just the reverse, and that his acceptances were finally received only because the tobacco was supposed to have gone into his hands as successor to the firm, and Seass was supposed to be beyond reach within any reasonable time. There can be no implication of discharge when the paper of the only debtor supposed to be within reach was forced upon Case, with no offer to return the tobacco, and no apparent means of enforcing any such acceptance as the contract called for.

We are also of opinion that had there been room for any such implication, the barefaced and deliberate fraud of Seass & Glocke would have rendered it nugatory, and in this Seass himself made a clear case for plaintiff, which was conclusive evidence and open to no explanation.

We think the judgment should be reversed with costs and a new trial granted.

The other Justices concurred.